IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR NOVASTAR
MORTGAGE FUNDING TRUST, SERIES 2007-2        PLAINTIFF

v.                                         CAUSE NO. 1:14CV451-LG-RHW

JOHNNY FRAZIER and DENI MAY FRAZIER           DEFENDANTS

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS

BEFORE THE COURT is the [9] Motion to Dismiss filed by Defendants Johnny Frazier and Deni May Frazier pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions of the parties and the applicable law and finds that the Motion should be denied. Defendants lack standing to enforce the terms of the Pooling and Servicing Agreement (PSA) for the trust for which Plaintiff Deutsche Bank National Trust Company serves as trustee. Moreover, any purported transfer of the subject note in violation of the PSA was voidable, not void. While the Court does not offer an opinion as to the ultimate merits of Plaintiff's claim, construing the Complaint in the light most favorable to Plaintiff, Plaintiff has stated a claim for breach of contract upon which relief may be granted.

### BACKGROUND

Plaintiff sued the defendant borrowers for breach of contract based on Defendants' failure to pay a promissory note ("the Note") evidencing a mortgage loan. According to the Complaint allegations, "[t]he Note is transferrable and may be assigned to subsequent Note Holders. The Note Holders are entitled to receive

payments under the Note." (Compl. 3 (¶12), ECF No. 1). Plaintiff alleges that it "is the current note holder and secured creditor for the mortgage loan at issue in this matter." (*Id.* at 1 (¶1)) (*see also id.* at 4 (¶23)).

Plaintiff contends that "[i]mmediately after loan origination, the original lender, Acceleron Lending, Inc., sold and transferred the Note to NovaStar Mortgage Inc." (*Id.* at 3 (¶19)). NovaStar Mortgage then "placed the loan at issue into the NovaStar Home Equity Loan Asset-Backed Certificates, Series 2007-2 securitized trust . . . and transferred the Note to Plaintiff, the Trustee of the Trust." (*Id.* at 4 (¶20)). Plaintiff has attached to its Complaint the allonge evidencing the transfer from NovaStar Mortgage to Plaintiff without recourse. (*See* ECF No. 1-4). It claims that the Note is now due and owing on account of Defendants' failure to make payments since 2010.

## DISCUSSION

Defendants have moved to dismiss this action pursuant to Rule 12(b)(6). "Under the Rule 12(b)(6) standard of review, this court accepts 'all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.'" *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 351 (5th Cir. 2011) (citation omitted). "A claim may not be dismissed . . . 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.'" *See Nottingham v. Richardson*, 499 F. App'x 368, 372 (5th Cir. 2012) (citation omitted). Exhibits attached to a complaint are part of the complaint and

may be considered as such for purposes of a Rule 12(b)(6) motion. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).

The parties appear to agree that Mississippi law applies, except with respect to interpretation of the PSA, to which Defendants claim New York law applies. Defendants argue that the fact that the Note "was assigned after the closing of the trust [under the terms of the PSA] is [a] basis for determining that the purported assignment to the trust was void . . . ." (Mot. 4 (¶17), ECF No. 9). The PSA provides a closing date for the trust of June 1, 2007,[1] and Defendants claim that the Note was not transferred until 2011.

Another court in this district has rejected on standing grounds a nearly identical argument that an assignment was void because of an alleged violation of a PSA, and this Court agrees. *See Jefferson v. Mortg. Elec. Registration Sys., Inc.*, No. 1:12CV368-HSO-RHW, 2013 WL 8702700, at *4 (S.D. Miss. Dec. 13, 2013). Indeed, the law is well-settled that borrowers such as Defendants – who are neither parties to nor third-party beneficiaries of the PSA – lack standing to enforce provisions of a PSA or to otherwise challenge transfers allegedly made in violation of the PSA. *See id.*; *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013); *Shaver v. Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 272-73 (5th Cir. Nov. 5, 2014). The result is the same under New York law. *See Rajamin v.*

---

[1] The PSA, which is referred to in the Complaint, is a public document. Defendants also attached portions to their Motion. Regardless, neither Plaintiff nor Defendants argue that the Court should not consider the PSA in its analysis.

*Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 88 (2d Cir. 2014).

The Court finds unpersuasive Defendants' citation to a New York trial court decision, *Wells Fargo Bank, N.A. v. Erobobo*, 972 N.Y.S. 2d 147 (N.Y. Sup. Ct. 2013). Numerous courts have criticized and rejected the *Erobobo* court's holding that a transfer in violation of the terms of a PSA was void. Instead, courts applying New York law after *Erobobo* have "treated improper transfers as subject to ratification and therefore voidable, not void." *See Davis v. Countrywide Home Loans, Inc.*, 1 F. Supp. 3d 638, 644 (S.D. Tex. 2014); *see also id.* at n.8.

Thus, Defendants cannot "challenge the validity of the transfer of the promissory note under New York law, as the transfer would be merely voidable, not void, and the defendants were neither parties to, nor third party beneficiaries of, the PSA such that they . . . have standing to challenge the validity of the note's transfer." *LBUBS 2004-C8 Derek Drive, L.L.C. v. Gerbino*, No. 2:13-cv-2264, 2014 WL 2446362, at *5 (W.D. La. May 30, 2014). Federal district courts in New York, as well as the Second Circuit, have also rejected *Erobobo*. *See Rajamin*, 757 F.3d at 89-90; *Berezovskaya v. Deutsche Bank Nat'l Trust Co.*, No. 12-cv-6055 (KAM), 2014 WL 4471560, at *6-8 (E.D.N.Y. Aug. 1, 2014), report and recommendation adopted, No. 12-cv-6055 (KAM)(CLP), 2014 WL 4470786, at *2 (E.D.N.Y. Sept. 10, 2014); *Anh Nguyet Tran v. Bank of N.Y.*, No. 13 Civ. 580(RPP), 2014 WL 1225575, at *4-5 (S.D.N.Y. Mar. 24, 2014). Defendants are not entitled to dismissal on this ground.[2]

---

[2] The bankruptcy court decision relied on by Defendants applied *Erobobo*, and, thus, does not warrant a different result.

*See, e.g., Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 685843, at *19 (S.D. Tex. Dec. 20, 2013) (discussing New York law and stating that "because assignments made after the trust's closing date are voidable, rather than void," a party cannot challenge those assignments). The Court rejects Defendants' reliance on *Glaski v. Bank of America, National Association*, 160 Cal. Rptr. 3d 449 (Cal. Ct. App. 2013), for the same reason. *See, e.g., Shaver*, 593 F. App'x at 273 n.7; *Anh Nguyet Tran*, 2014 WL 1225575, at *4-5.

Defendants argue that the attempted transfer of the Note to Plaintiff was void for the additional reason that there is not an unbroken chain of title between Acceleron, the original lender, and Plaintiff. They contend that the correct chain of title is from (1) Acceleron to (2) NovaStar Mortgage, Inc. to (3) Novastar Mortgage Funding Corporation as Depositor under the PSA to (4) Plaintiff. However, Defendants state that the Depositor was never assigned the Note; rather "the note leap-frogged over" the Depositor. (*See* Defs.' Mem. 5, ECF No. 11).

Defendants base this argument on PSA § 2.01, which provides that the Depositor will transfer to the trust all mortgage loans, including "originals of any intervening assignments of the Mortgage showing an unbroken chain of title from the originator thereof to the Person assigning it to the Trustee . . . ." (*See* excerpts from PSA, ECF No. 9-1) (*see also* Defs.' Mem. 3-4; Defs.' Rebuttal Mem. 4-5). As discussed above, however, Defendants lack standing to enforce provisions of the PSA or to otherwise challenge transfers allegedly made in violation of the PSA.

5

Defendants' argument is essentially a restatement of their argument about the post-closing transfer. They contend that the Depositor must have been included in the chain of title because all original transfers were to be made by it. But, under Defendants' own analysis, Plaintiff was not assigned the Note until 2011. In any event, any purported transfer in violation of the PSA was subject to ratification.

Defendants claim in rebuttal that because the Depositor "never held, possessed or [was] assigned the Note, it was physically impossible for the Note to ever be deposited into the Trust." (Defs.' Rebuttal 5, ECF No. 20). However, they offer no support for this proposition and have not even attempted to show why the Note could not later be transferred into the Trust by someone other than the Depositor, even if in violation of the PSA.

Accepting the Complaint allegations and attachments as true as the Court must do, Plaintiff has shown that the Note was immediately transferred from Acceleron to NovaStar Mortgage, and thereafter to Plaintiff by way of an allonge. Plaintiff further alleges that Defendants have failed to make any payments on the Note since 2010. This is sufficient at this stage of the proceedings to state a claim for breach of contract upon which relief may be granted. *See* Miss. Code §§ 75-3-203, 75-3-301; *see also generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## CONCLUSION

The Court cannot say that it is beyond doubt that Plaintiff can prove no set of facts in support of its breach of contract claim against Defendants which would entitle it to relief.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [9] Motion to Dismiss filed by Defendants Johnny Frazier and Deni May Frazier is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 2nd day of June, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE